The lessor of the plaintiff claimed under a grant to himself, which expressed a consideration of ten pounds per hundred acres, dated September 20, 1787, No. 290, for 470 acres.
The defendants derived their claim from a grant to Stockley Donelson, dated June the 12th, 1794, a deed from Stockley Donelson, by William Tyrrell his attorney, to Elijah Chisolm and from Chisolm to Dotson, for 215 acres, a part of the same tract.
Mr. Lane, a witness for the defendants, proved, that Dotson had been in possession of the land nine years about the beginning of last November. It also appeared that the land lay within the Indian claim, which was not extinguished until the year 1798. The writ issued the 27th of January,. 1803.
The defendants opposed the lessor of the plaintiff's claim upon five grounds: First, it is manifest that the grant issued in consequence of a Carter's warrant, which cannot upon any principle of law be removed. October, 1784, c. 19, § 6, is the first law which contemplates removals; this section does not specify what species of claims may be removed. It is however evident that county warrants were not *Page 170 
contemplated, for the county entry takers' offices were then closed, and consequently no office in which they could be removed. This claim is not at the place entered. It has been removed, and consequently is void; 1786, c. 20, § 7, contemplates the removal of military and John Armstrong's claims only. Secondly, but if good, upon general principles the claim cannot be valid, since it was not lawful to locate at the place designed by this entry. It was made west of Brown's line, which was expressly forbidden by law. April, 1778, c. 3, § 5. The entry, therefore, was a mere nullity, and could not be the foundation of a claim anywhere. It was absolutely void, and could not be removed to where the claim now stands, nor elsewhere.
Thirdly, if these grounds were not sufficient, the claim of the lessor of the plaintiff is voidable on the principle of fraud, which has been manifestly practised in the obtaining of it. The grant states it to have been made in consequence of ten pounds a hundred, or a John Armstrong's warrant; now, the secretary certifies that the grant issued in consequence of the payment of fifty shillings a hundred, or upon a county entry or Carter's warrant, or one issued from the entry taker's office of Washington. No record can be found in the secretary's office of the emanation of a grant to William Cocke, for four hundred and seventy acres, upon a John Armstrong's warrant; we must believe the secretary's certificate, and, if so, the grant of the lessor of the plaintiff is void on account of fraud.
Fourthly, the law requires that all lands should be surveyed in a square or oblong, unless bounded by water courses or older lines; this part of the law has not been complied with, and the claim ought to fall to the ground.
Fifthly, seven years' peaceable possession by statute gives a right; the defendant Dotson has been nine years in possession: more than seven years had elapsed before the writ issued, this of itself is sufficient to bar the lessor of the plaintiff.
WHITESIDE, in reply. — April, 1784, c. 14, § 7, evidently proves that county entries may be removed. *Page 171 
The law declaring entries made below Brown's line void was passed after this entry was made, and the consideration paid; it was retrospective and void, — the enterer had paid the consideration money under the authority of law, and he had a right to remove it as against the State, who had received his money; he had such a claim as ought to be supported somewhere.
Agreeably to the acts of Congress, individuals could not legally settle on nor occupy land within the Indian limits; the land was not purchased until the year 1798, and the line not actually marked until the year one thousand seven hundred and ninety-nine. From either period till the writ issued, there was not seven years; the defendants cannot avail themselves of a possession previous to that time; possession before the Indian claim was extinguished was prohibited: it was illegal.
If the jury believe the land in dispute to be covered by the plaintiff's grant, they will find for him; otherwise, for the defendants.